**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MICHAL ROSEBERRY        *
                        *
        Plaintiff,      *
                        *
v.                      *
                        *        Civil Action No.
                        *        1:26-cv-00467-SEG
CONDOR HOSPITALITY LIMITED  *
PARTNERSHIP,            *
                        *
        Defendant.      *
                        *

**ANSWER AND AFFIRMATIVE DEFENSES OF CONDOR HOSPITALITY
LIMITED PARTNERSHIP TO PLAINTIFF MICHAL ROSEBERRY'S
COMPLAINT**

COMES NOW, Defendant Condor Hospitality Limited Partnership

("Condor"), and pursuant to the Federal Rules of Civil Procedure, files its Answer

and Affirmative Defenses to Plaintiff Michal Roseberry's Complaint and shows this

Honorable Court as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Venue is improper as to Condor.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because no act or omission by Condor has

caused Plaintiff's alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom Condor had no control; therefore, Condor cannot be liable to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiff were the result of conduct of persons or entities over whom Condor had no control or responsibility, and for whose conduct Condor is thus not liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Condor are barred because there is no causal connection between any alleged act, error, or omission by Condor and Plaintiff's alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by a superseding, intervening act, which were beyond the knowledge or control of Condor.

## EIGHTH AFFIRMATIVE DEFENSE

Condor at all times relevant hereto acted in accordance with the applicable standard of care under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

Condor hereby gives notice that it intends to rely upon such other defenses as may become apparent during the course of discovery and thus expressly reserves the right to amend its Answer to assert such defenses.

## ELEVENTH AFFIRMATIVE DEFENSE

If it is judicially determined that Condor was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the damages claimed.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Condor did not knowingly benefit from participation in a venture that Condor knew or should have known engaged in an act in violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that Condor participated in a venture that violated the TVPRA, and therefore Plaintiff's TVPRA claim fails as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that Condor had actual or constructive knowledge that Plaintiff was being trafficked at the Savannah Suites.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were caused by the criminal and intentional acts of third parties, including Plaintiff's alleged traffickers and sex purchasers, over whom Condor exercised no control and for whose conduct Condor is not legally responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

The acts of Plaintiff's alleged traffickers and other third parties constituted superseding and intervening criminal conduct that breaks any causal connection between Plaintiff's alleged injuries and any act or omission of Condor.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's nuisance claim fails because Condor neither created nor maintained a nuisance and did not knowingly permit its property to be used for the conduct alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks evidence that Condor maintained any policy, practice, or custom of facilitating, promoting, concealing, permitting, or failing to report sex trafficking.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, statutes of repose, laches, waiver, estoppel, and all applicable tolling

doctrines, all of which are expressly denied.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that any Savannah Suites employee engaged in criminal, intentional, unauthorized, or otherwise wrongful conduct, such conduct was outside the course and scope of any employment or agency relationship with Condor, and Condor is not liable for such conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates Condor's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a claim upon which damages can be awarded.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates Condor's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates Condor's right to substantive due process in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a claim supporting the punitive

5

damages claimed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages would violate Condor's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) Condor had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiffs in this case, which lack of notice was compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject Condor to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not consider how the award compares to awards in other, similar cases; (3) an award of punitive damages under Georgia's statute does not adequately consider the proportionality of the punitive damages awarded to the wrong done to the Plaintiffs; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513, (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990); and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a

punitive award.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any attempted application of Georgia law in this case regarding any claim for punitive damages against Condor would be unconstitutional for the following reasons:

(1)  Condor did nothing for which it should be punished, penalized or deterred and, therefore any recovery of punitive damages would deprive Condor of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of punitive damages would deprive Condor of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(3) Any recovery of punitive damages would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

(4) Any recovery of punitive damages would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Condor cannot be maintained,

because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Condor cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Condor (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and

does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Condor's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than  Condor's conduct in connection with Plaintiff's allegations, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect Condor against impermissible multiple punishment for the same wrong and against punishment for extraterritorial conduct, including especially conduct that is lawful in states other than the State of Georgia. In addition, any such award would violate principles of comity under the laws of the

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the law of Georgia permits punishment to be measured by Condor's net worth or financial status, and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias

9

and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Condor in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution.

## **THIRTIETH AFFIRMATIVE DEFENSE**

Condor responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

This paragraph makes no allegation against Condor, and, therefore, requires no response. To the extent a response is required, Condor denies the allegations of this paragraph.

2.

Condor admits that it is a foreign limited liability partnership organized under the laws of Virginia and authorized to transact business in Georgia. Condor further admits that its registered agent is Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Condor denies the remaining allegations of this paragraph.

3.

Condor admits the allegations of this paragraph.

4.

Condor admits the allegations of this paragraph.

5.

Condor admits that it retained limited ownership rights relating to the physical property where the Savannah Suites was located. Condor denies the remaining allegations of this paragraph.

6.

Condor denies the allegations of this paragraph, including subsections (a)-(f).

7.

Condor denies the allegations of this paragraph, including subsections (a) and (b).

8.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor denies the allegations of this paragraph.

**Michal Roseberry's trafficking at the Savannah Suites.**

9.

Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

10.

Condor denies the allegations of this paragraph.

11.

Condor denies the allegations of this paragraph.

12.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

13.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

14.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

15.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

16.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

17.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

18.

Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

19.

Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

20.

Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

21.

Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

22.

Condor denies the allegations of this paragraph.

23.

Condor denies the allegations of this paragraph.

24.

Condor denies the allegations of this paragraph.

25.

Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

26.

Condor denies the allegations of this paragraph.

27.

Condor denies the allegations of this paragraph.

**I.  Defendant's knowledge of crime at the Savannah Suites.**

28.

Condor denies the allegations of this paragraph.

29.

Condor admits that it retained limited ownership rights relating to the physical property where the Savannah Suites was located. Condor denies the remaining allegations of this paragraph.

30.

Condor lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

31.

Condor denies the allegations of this paragraph.

32.

Condor denies the allegations of this paragraph.

33.

Condor denies the allegations of this paragraph, including each of its subparts.

34.

Condor denies the allegations of this paragraph.

35.

Condor denies the allegations of this paragraph.

36.

Condor denies the allegations of this paragraph.

37.

Condor denies the allegations of this paragraph.

38.

Condor denies the allegations of this paragraph.

39.

Condor denies the allegations of this paragraph.

40.

Condor denies the allegations of this paragraph.

41.

Condor denies the allegations of this paragraph.

42.

Condor denies the allegations of this paragraph.

## II.    Defendant's knowledge of sex trafficking generally.

43.

Condor denies the allegations of this paragraph.

44.

Condor denies the allegations of this paragraph.

45.

Condor denies the allegations of this paragraph.

46.

Condor denies the allegations of this paragraph.

47.

Condor denies the allegations of this paragraph.

48.

Condor denies the allegations of this paragraph.

49.

Condor denies the allegations of this paragraph.

50.

Condor denies the allegations of this paragraph.

51.

Condor denies the allegations of this paragraph, including subsections (a)-(i).

52.

Condor denies the allegations of this paragraph.

## COUNT I
## STATUTORY LIABILITY: SEX TRAFFICKING
## 18 U.S.C. § 1595

53.

Condor incorporates by reference each of its responses to paragraphs 1 through 52 as if fully restated herein.

54.

Condor denies the allegations of this paragraph.

55.

Condor denies the allegations of this paragraph.

56.

Condor denies the allegations of this paragraph.

57.

Condor denies the allegations of this paragraph.

58.

Condor denies the allegations of this paragraph as phrased.

59.

Condor denies the allegations of this paragraph.

60.

Condor denies the allegations of this paragraph.

61.

Condor denies the allegations of this paragraph.

62.

Condor denies the allegations of this paragraph.

63.

Condor denies the allegations of this paragraph.

64.

Condor denies the allegations of this paragraph.

## COUNT II
## NUISANCE

65.

Condor incorporates by reference each of its responses to paragraphs 1 through 64 as if fully restated herein.

19

66.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor admits Georgia law imposes duties in accordance with nuisance law. Condor denies the remaining allegations of this paragraph.

67.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor admits Georgia law imposes duties in accordance with nuisance law. Condor denies the remaining allegations of this paragraph.

68.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor admits Georgia law imposes duties in accordance with nuisance law. Condor denies the remaining allegations of this paragraph.

69.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor admits Georgia law imposes duties in accordance with nuisance law. Condor denies the remaining allegations of this paragraph.

## Public Nuisance

### 70.

Condor denies the allegations of this paragraph.

### 71.

Condor denies the allegations of this paragraph.

### 72.

Condor denies the allegations of this paragraph.

### 73.

Condor denies the allegations of this paragraph.

## Public Nuisance Per Se

### 74.

Condor denies the allegations of this paragraph.

### 75.

This paragraph makes no allegation against Condor and, therefore, requires no response. To the extent a response is required, Condor denies the allegations of this paragraph.

### 76.

Condor denies the allegations of this paragraph as phrased.

### 77.

Condor denies the allegations of this paragraph.

78.

Condor denies the allegations of this paragraph.

## DAMAGES

79.

Condor incorporates by reference each of its responses to paragraphs 1 through 78 as if fully restated herein.

80.

Condor denies the allegations of this paragraph, including subsections (a)-(i)

81.

Condor denies the allegations of this paragraph.

82.

Condor denies the allegations of this paragraph.

83.

Condor denies each and every allegation of Plaintiffs' Complaint, including those set forth in Plaintiffs' Prayer for Relief and "Wherefore" paragraph, unless specifically admitted herein.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY OF TWELVE.**

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint,  Condor prays that:

a) all claims asserted by Plaintiff be dismissed with prejudice;

b) all the relief sought by Plaintiff, and all other relief, be denied;

c) Plaintiff be ordered to pay Condor's attorney fees and costs of litigation; and

d)  Condor have such other and further relief as the Court deems just, proper and equitable.

Respectfully submitted this 15th day of July, 2026.

/s/ Cameron A. Mobley
CAMERON A. MOBLEY
Georgia Bar No. 613048
JOSHUA GREGORY
Georgia Bar No. 470524

**LEWIS BRISBOIS BISGAARD**
**& SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Cameron.Mobley@lewbrisbois.com
Joshua.Gregory@lewisbrisbois.com

*Counsel for Condor Hospitality Limited Partnership*

23

## <u>RULE 7.1D CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

Dated: July 15, 2024.

/s/ *Cameron A. Mobley*_____
Cameron A. Mobley
Georgia Bar No. 613048

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing *Answer and Affirmative Defenses to Plaintiff Michal Roseberry's Complaint* upon all counsel of record via electronic filing system with the Clerk of Court using ECF electronic filing system, addressed as follows:

PATRICK J. MCDONOUGH
JONATHAN S. TONGE
JENNIFER M. WEBSTER
**ANDERSEN, TATE & CARR, P.C**.
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com

*Counsel for Plaintiff*

This 15th day of July, 2026.

**LEWIS BRISBOIS BISGAARD
   & SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Cameron.Mobley@lewbrisbois.com
Joshua.Gregory@lewisbrisbois.com

/s/ Cameron A. Mobley
CAMERON A. MOBLEY
Georgia Bar No. 613048
JOSHUA GREGORY
Georgia Bar No. 470524

*Counsel for Condor Hospitality
Limited Partnership*

25