**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Michal Roseberry, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. |
| Condor Hospitality Limited | * | 1:26-cv-00467-SEG |
| Partnership, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S
MOTION TO DISMISS PLAINTIFF'S PUBLIC NUISANCE CLAIM AND
BRIEF IN SUPPORT**

COMES NOW, Defendant Condor Hospitality Limited Partnership ("Condor") and, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Plaintiff's public nuisance claim for failure to state a claim, showing this Honorable Court as follows:

**INTRODUCTION**

Plaintiff Michal Roseberry ("Plaintiff") is an alleged sex-trafficking victim seeking to recover damages from Condor under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and Georgia nuisance law based on allegations that she was trafficked at the Savannah Suites hotel (the "Property") during February and March of 2016. Plaintiff alleges Condor is liable to her for public nuisance on the

allegation that it allowed prostitution, sex trafficking, and other criminal activity to occur at the Property thereby creating a public nuisance. However, the Complaint fails to provide sufficient factual allegations to substantiate the public nuisance claim. Specifically, Plaintiff's allegations do not establish (1) the alleged nuisance injured all or most individuals visiting the property or (2) the Property created a blighting effect on the surrounding community. Absent specific factual allegations on these elements of her claim, Plaintiff has failed to plausibly allege entitlement to damages under a theory of public nuisance.

For these reasons, set forth more fully below, Condor respectfully requests that this Court issue an ORDER dismissing Plaintiff's public nuisance claim with prejudice.

## RELEVANT FACTUAL BACKGROUND

### A. The Parties

Plaintiff is an alleged sex-trafficking victim pursuing claims against Condor under the TVPRA, 18 U.S.C. § 1595, and Georgia nuisance law. *See generally* Doc. 1. Condor is a foreign limited partnership organized under the laws of Virginia that owned the Savannah Suites hotel (the "Hotel") located at 140 Pine Street NE,

2

Atlanta, Georgia 30308 during the time of Plaintiff's alleged trafficking in early 2016. Doc. 1 at ¶¶ 1 and 2.[1]

### B. Plaintiff's Allegations

Plaintiff alleges that she was trafficked for sex at the Property for approximately six weeks during February and March 2016. *Id*. at ¶ 9. According to Plaintiff, her alleged traffickers brought her to the Property "because they knew it would be a good place to sell Michal for sex." *Id.*

Plaintiff alleges that Savannah Suites employees knew of and accommodated her traffickers and their alleged sex-trafficking operation. According to the Complaint, hotel employees referred to Plaintiff's traffickers by their street names, interacted with them regularly on the property, and directed buyers of sex to Plaintiff's room when they asked for her by name. *Id*. at ¶¶ 17-22.

According to the Complaint, Plaintiff was trafficked alongside several other alleged victims, shared rooms with other girls being trafficked, and was forced to engage in commercial sex with approximately 10 to 15 buyers each day. *Id*. at ¶¶ 11 and 12. Plaintiff alleges that dozens of men visited the rooms daily and that hotel employees knew or should have known that such activity was indicative of sex trafficking. *Id*. at ¶ 13.

---

[1] Because the Court must accept all well-pled allegations of the Complaint as true in resolving this Motion, Condor has included the facts as pled in the complaint to establish the factual background. However, Condor does not concede the truth of Plaintiff's allegations.

Plaintiff asserts that prostitution, sex trafficking, drug activity, violence, and other criminal conduct were common occurrences at the Savannah Suites before, during, and after her alleged trafficking. Doc. 1 at ¶ 7. In support, Plaintiff cites online reviews posted between 2005 and 2016 that referenced prostitution, drugs, crime, and safety concerns at or near the property. *Id*. at ¶ 33.

Plaintiff further alleges that Condor knew or should have known that sex trafficking was occurring at the Savannah Suites based upon employee observations, reports of criminal activity, publicly available reviews concerning prostitution and crime at the property, and the alleged notoriety of Atlanta as a hub for sex trafficking. *Id*. at ¶¶ 43-52.

## **ARGUMENT AND CITATION OF AUTHORITY**

### **A. Legal Standard**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom … construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). At the same time, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic*

*Corporation et al. v. William Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible only if Plaintiff states, "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support the claim." *Twombly*, 550 U.S. at 556.

A court "is not bound to accept as true a legal conclusion couched as a factual assertion." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### B. Plaintiff's Complaint Fails to State a Claim for Public Nuisance Against Condor.

Plaintiff alleges that Condor is liable to her for public nuisance because it allowed prostitution, sex trafficking, and other criminal activity to occur at the Property. Doc 1 at ¶¶ 70-73. However, Plaintiff's public nuisance claim relies solely on conclusory allegations and lacks the factual predicate necessary to plausibly allege her claim. *Id*. Rather than alleging facts sufficient to support a cognizable public nuisance claim, Plaintiff merely provides threadbare recitations of the

elements of a public nuisance claim. Accordingly, Plaintiff's public nuisance claim must be dismissed.

> Georgia law defines a nuisance as:

> anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary, reasonable man."

O.C.G.A. § 41-1-1. To recover under a nuisance theory, "[t]he plaintiff must show the existence of the nuisance complained of, that he or she has suffered injury, and that the injury complained of was caused by the alleged nuisance." *Rice v. Six Flags Over Georgia, LLC*, Ga. App. 864, 868 (2002).

"A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." O.C.G.A. § 41-1-2. As the Georgia Supreme Court has explained:

> [t]his language is not used in the sense that every person in the area must have been actually hurt or injured in order to show a public nuisance. It is sufficient if it injures those of the public who may actually come in contact with it. A public nuisance exists if the act complained of affects rights which are common to all within a particular area.

*City of Douglasville v. Queen*, 270 Ga. 770, 774 (1999).

Plainly stated, a public nuisance "must injure those of the public who actually come in contact with it." *Doe v. Saint Joseph's Catholic Church*, 357 Ga. App. 710, 717 (2020), *reconsideration denied* (Nov. 12, 2020), cert. granted (June 21, 2021),

6

*aff'd in part, rev'd in part*, 313 Ga. 558 (2022). Alternatively, a plaintiff may establish the existence of a public nuisance where a defendant's actions have an "appreciable blighting effect on the surrounding community." *Saint Joseph's Catholic Church*, 357 Ga. App. at 717.

First, Plaintiff fails to plausibly allege that the Property constituted a public nuisance because she does not allege that all individuals visiting the Property were injured by its operation. The factual allegations of the Complaint all concern Plaintiff's alleged trafficking and the injuries she allegedly suffered at the hands of traffickers. And while she does reference other unidentified trafficking victims, Plaintiff does not allege that *all* individuals visiting the Property were victimized by sex traffickers or otherwise injured by sex trafficking operations. In fact, Plaintiff's allegations themselves reference numerous individuals who visited the Property without suffering any injury at all, including: (1) those who came to the Property to have sex with trafficking victims (allegedly more than 100 buyers daily); (2) those who came to the Property to purchase drugs; and (3) those who stayed at the Property and left reviews. Doc. 1 at ¶¶ 13, 19, 26, and 33. Not only does the Complaint fail to allege that the alleged nuisance injured all who encountered it, but it affirmatively identifies numerous individuals who visited the Property without suffering injury. As such, the Complaint fails to plausibly allege the Property constituted a public

7

nuisance because it did not "damage[] all persons who come within the sphere of its operation." O.C.G.A. § 41-1-2.

Moreover, Plaintiff failed to allege any facts to substantiate her claim that the Property created a blighting effect on the surrounding community. Simply put, Plaintiff's conclusory allegation that the sex trafficking at the Property "had an appreciable blighting effect on the surrounding community, permitting persons of questionable character, and encouraged idleness, loitering, vagrancy, and had a tendency to breed crime and debauch the morals of the community," is wholly unsupported by any specific factual allegation. Doc. 1 at ¶¶ 71 and 72. At most, the Complaint alleges that the Property was situated in a high crime area. *Id.* at ¶ 36. Yet, Plaintiff does not allege any facts to support the assertion that the Property's operation caused or contributed to criminal activity in the surrounding area. The allegations of paragraphs 70, 71, and 72 are merely recitations of the elements of a public nuisance claim taken directly from decisional law on this issue. *See Cronic v. State*, 222 Ga. 623, 624 (1966); *Chancey v. Hancock*, 233 Ga. 734, 738 (1975). Accordingly, these allegations are not entitled to an inference of truth at the motion to dismiss stage and fail to establish facial plausibility.

The Georgia Court of Appeals rejected a similar attempt to transform injuries suffered by individual victims into a public nuisance claim in *Doe v. St. Joseph's Catholic Church*, 357 Ga. App. 710 (2020). There, the plaintiff—an alleged victim

8

of sexual assault at the hands of a priest—alleged that church officials concealed sexual abuses committed by clergy members over many years. He asserted that the church's "conduct of concealing the presence of sex offenders within the clergy constituted a public nuisance by endangering the public and 'misleading them about the wholesomeness and safety of the Church's activities....'" *Id.* at 717. Despite those allegations, the court held that the complaint failed to state a public nuisance claim because the alleged misconduct, while causing "terrible injury to the victims," did not harm all persons who came within the sphere of the church's operations. *Id.* The court further noted that the complaint did not allege an appreciable blighting effect on the surrounding community of the type associated with a gambling establishment or unlicensed liquor store. *Id*. As such, it affirmed the trial court's dismissal of the public nuisance claim.

Likewise, in *McArthur*, the court reaffirmed that allegations of sexual abuse causing harm to multiple victims over multiple years were insufficient to establish a public nuisance because the alleged conduct did not affect all persons who came within the sphere of the defendant's operations. *McArthur v. Beech Haven Baptist Church of Athens*, 361 Ga. App. 877 (2021). The court again emphasized that injury to particular victims, without more, does not establish a public nuisance. *Id* at 23.

The same defects that subjected the *St. Joseph's Catholic Church* and *McAurthur* plaintiffs' nuisance claims to dismissal exist here. Despite her

9

invocations of statutory language and conclusory allegations, Plaintiff does not allege any facts establishing that the Property injured all that came within its sphere of operation nor that it created a blighting effect on the surrounding community. Therefore, Plaintiff's public nuisance claim must be dismissed for failure to state a claim.

## **CONCLUSION**

Based on the foregoing arguments and authority, Condor respectfully requests that this Court issue an ORDER dismissing Plaintiff's public nuisance with prejudice.

Respectfully submitted this 15th day of July, 2026.

/s/ Cameron Mobley
CAMERON A. MOBLEY
Georgia Bar No. 613048

**LEWIS BRISBOIS BISGAARD**    R. JOSHUA GREGORY
   **& SMITH LLP**    Georgia Bar No. 470524
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308    *Counsel for Condor Hospitality*
(404) 348-8585    *Limited Partnership*
(404) 467-8845 Facsimile
Cameron.Mobley@lewisbrisbois.com
Joshua.Gregory@lewisbrisbois.com

10

## <u>RULE 7.1D CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

Dated: July 15, 2026.

/s/ *Cameron A. Mobley*
Cameron A. Mobley
Georgia Bar No. 613048

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of July, 2026 filed the within and foregoing ***DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S MOTION TO DISMISS PLAINTIFF'S PUBLIC NUISANCE CLAIM AND BRIEF IN SUPPORT*** via CM/ECF, which automatically sends an electronic copy to all counsel of records as follows:

PATRICK J. MCDONOUGH
JONATHAN S. TONGE
JENNIFER M. WEBSTER
**ANDERSEN, TATE & CARR, P.C.**
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com

*Counsel for Plaintiff*

Submitted this 15th day of July, 2026

                                                  /s/ Cameron Mobley
                                                  CAMERON A. MOBLEY
                                                  Georgia Bar No. 613048
**LEWIS BRISBOIS BISGAARD**                       R. JOSHUA GREGORY
  **& SMITH LLP**                                 Georgia Bar No. 470524
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308                            *Counsel for Condor Hospitality*
(404) 348-8585                                    *Limited Partnership*
(404) 467-8845 Facsimile
Cameron.Mobley@lewisbrisbois.com
Joshua.Gregory@lewisbrisbois.com

12