UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michal Roseberry,

     Plaintiff,

v.

Condor Hospitality Limited
Partnership,

     Defendant.

CIVIL ACTION FILE

NO. 1:26-cv-00467-SEG

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   a. Describe briefly the nature of this action.

      **This is a civil action in which Plaintiff asserts claims of statutory liability against Defendant pursuant to the Federal Trafficking Victims Protection Reauthorization Act (TVPRA), as well as claims under Georgia law for public nuisance and public nuisance per se.**

   b. Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

      **Plaintiff: Plaintiff alleges that she was a victim of sex trafficking at Defendant's hotel for approximately six weeks in or around February and March 2016. Plaintiff further alleges that (i) Defendant benefited financially from Plaintiff's sex trafficking; (ii) Defendant (through its employees) helped facilitate Plaintiff's sex trafficking; (iii) Defendant knew or should have known that the hotel was a venue for sex trafficking and other sex crimes; and (iv) that Defendant's hotel was a nuisance that caused her special damage.**

**Defendant: Defendant generally denies the allegations of Plaintiff's Complaint as to liability, causation, damages, punitive damages, and attorneys' fees.**

c.  The legal issues to be tried are as follows:

**Plaintiff: TVPRA liability, damages, punitive damages, public nuisance, public nuisance per se, attorneys' fees, and litigation expenses.**

**Defendant: (1) TVPRA liability, causation, and damages; (2) public nuisance liability, causation, and damages; and (3) nuisance per se liability, causation, and damages.**

d.  The cases listed below (include both style and action number) are:

  i.   Pending Related Cases: **None.**
  ii.  Previously Adjudicated Related Cases: **None.**

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties (before amendment)

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_\_\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_X\_ (5) Extended discovery period is needed

\_\_X\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_X\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside of United States boundaries

_____ (10) Existence of highly technical issues and proof

3. **Counsel**:

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff: Patrick J. McDonough, Jonathan A. Tonge, and Jennifer M. Webster**

**Defendant: Cameron A. Mobley and R. Joshua Gregory**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

__YES  _X_ NO

5. **Parties to this Action:**

a. The following persons are necessary parties who have not been joined:

**Plaintiff: Any other persons or entities that owned, managed, operated, or controlled the hotel involved.**

**Defendant: None.**

b. The following persons are improperly joined as parties: **None.**

c. The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

d. The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings: None at this time.**

3

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

   a. List separately any amendments to the pleadings which the parties anticipate will be necessary: **None.**

   b. Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   a. Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Locale Rule 37.1.

   b. Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

   c. Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

   d. Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference with the Court at this time.**

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the Complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) Four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties anticipate that discovery will be needed on the following topics; however, the parties note that this list is not exhaustive and recognize that other topics will likely arise through the normal course of discovery:**

1. **Identification and location of witnesses, including former and current employees of the Defendant;**
2. **Defendant's alleged knowledge of trafficking for either labor or sex at its facility;**
3. **Any and all interactions Plaintiff allegedly had with any of Defendant's**

**agents, representatives, employees, or other personnel at the facility;**

4. **Plaintiff's movements and location while at Defendant's hotel;**
5. **Defendant's employee training policies and practices;**
6. **Defendant's hiring policies and practices;**
7. **Defendant's security policies and practices;**
8. **Defendant's policies and procedures concerning customer complaints;**
9. **Defendant's policies and procedures concerning employee complaints;**
10. **Defendant's policies and procedures concerning hotel incidents involving law enforcement;**
11. **Defendant's refund policy after check-in;**
12. **Defendant's responses to complaints of sex trafficking, drugs, prostitution, and other crimes;**
13. **The nature and extent of Plaintiff's alleged trafficking; and**
14. **The nature and extent of Plaintiff's alleged damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request that this case be assigned to a six-month discovery track for fact discovery. The parties also request that expert disclosures for both parties be due on the day fact discovery closes; rebuttal-expert disclosures for both parties be due 30 days after the deadline for expert disclosures; and that expert discovery end 30 days after the deadline to disclose rebuttal experts.**

a. What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

   **None at this time.**

b. Is there any party seeking discovery of electronically stored information?

   **Yes, Plaintiff is seeking electronically stored information from Defendant. The parties agree to exchange non-privileged electronically stored information in searchable pdf/adobe format where practical, otherwise, in native form, and to the extent possible, to preserve electronically stored information in original form in the event a question arises regarding**

**same. The parties agree that unless a file is a TIFF in its original form, they will not convert electronically stored information into a TIFF file for production without first discussing the matter with the opposing party and seeking to reach an agreement.**

11. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

12. **Settlement potential:**

a. Lead counsel for parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 3, 2026, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

   **For Plaintiff:** */s/ Jennifer M. Webster*

   **Patrick J. McDonough, Jonathan S. Tonge, and Jennifer M. Webster**

   **For Defendant:** */s/ Cameron A. Mobley*

   **Cameron A. Mobley and R. Joshua Gregory**

b. All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   **(_____)  A possibility of settlement before discovery.**

   **( X )  A possibility of settlement after discovery.**

   **(_____)  A possibility of settlement, but a conference with the judge is needed.**

   **(_____)  No possibility of settlement.**

   c. Counsel (X) do or (  ) do not intend to hold additional settlement confer- ences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **unknown at present**.

13. **Trial by Magistrate Judge:**

   Note: Trial before a Magistrate Judge will be by jury trial if a party is other- wise entitled to a jury trial.

   a. The parties (  ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form have been submitted to the clerk of court this ___ day of _____, of 20_____.

   b. The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

   Respectfully submitted this 3rd day of August, 2026.

| | |
|---|---|
| ANDERSEN, TATE & CARR, P.C. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| */s/ Jennifer M. Webster* | */s/ Cameron A. Mobley* |
| PATRICK J. MCDONOUGH | CAMERON A. MOBLEY |
| Georgia Bar No. 489855 | Georgia Bar No. 613048 |
| pmcdonough@atclawfirm.com | Cameron.Mobley@lewisbrisbois.com |
| JONATHAN S. TONGE | R. JOSHUA GREGORY |
| Georgia Bar No. 303999 | Georgia Bar No. 470524 |
| jtonge@atclawfirm.com | Joshua.Gregory@lewisbrisbois.com |
| JENNIFER M. WEBSTER | *Attorneys for Defendant Condor* |
| Georgia Bar No. 760381 | *Hospitality Limited Partnership* |
| jwebster@atclawfirm.com | |
| *Attorneys for Plaintiff* | |
| | |
| One Sugarloaf Centre | 600 Peachtree Street, Suite 4700 |
| 1960 Satellite Boulevard, Suite 4000 | Atlanta, Georgia 30308 |
| Duluth, Georgia 30097 | (404) 348-8585 \| Telephone |
| (770) 822-0900 \| Telephone | (404) 467-8845 \| Facsimile |
| (770) 236-9784 \| Facsimile | |

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile