**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Michal Roseberry, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. |
| Condor Hospitality Limited | * | 1:26-cv-00467-SEG |
| Partnership, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANT CONDOR HOSPITALITY LIMITED
PARTNERSHIP'S REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S PUBLIC NUISANCE CLAIM**

COMES NOW, Defendant Condor Hospitality Limited Partnership ("Condor") and, pursuant to Fed. R. Civ. P. 12(b)(6) and LR 7.1(C), hereby submits this Reply Brief in Support of its Motion to Dismiss Plaintiff's Public Nuisance Claim for failure to state a claim, showing this Honorable Court as follows:

**INTRODUCTION**

As an initial matter, Plaintiff devotes much of her Response to arguing that the Savannah Suites constituted a nuisance per se under Georgia law. Defendant's Motion, however, does not seek dismissal of Plaintiff's nuisance per se theory. Rather, Defendant moved to dismiss Plaintiff's public nuisance claim based on allegations that the Savannah Suites injured those within its sphere of operation and

created an appreciable blighting effect on the surrounding community. (Doc. 1 ¶¶ 70-73). Plaintiff's arguments concerning nuisance per se neither resolve nor cure the pleading deficiencies identified in Defendant's Motion with respect to Plaintiff's public nuisance theory. More importantly, Plaintiff's Response fails to demonstrate that the Complaint plausibly alleges either injury to those within the alleged nuisance's sphere of operation or an appreciable blighting effect on the surrounding community.

## ARGUMENT AND CITATION OF AUTHORITY

### A.   Legal Standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom … construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). At the same time, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corporation et al. v. William Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

2

*Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible only if Plaintiff states, "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support the claim." *Twombly*, 550 U.S. at 556.

A court "is not bound to accept as true a legal conclusion couched as a factual assertion." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### B. Plaintiff failed to establish a public nuisance because she did not plausibly allege injury to those within the nuisance's sphere of operation.

Plaintiff argues in her Response that the Complaint adequately alleges injury to those coming within the Savannah Suites' sphere of operation because the hotel allegedly functioned as an open marketplace for trafficking, prostitution, and drug activity, and because guest reviews referenced gunshots, robberies, prostitutes, and drug dealers. (Doc. 1 ¶¶ 9, 12, 14-16, 25-26, 28, 31, 33-34). According to Plaintiff, those allegations demonstrate that the nuisance harmed persons beyond trafficking victims. Plaintiff's argument overlooks the reasoning of both *St. Joseph's* and *McArthur*. *Doe v. Saint Joseph's Catholic Church*, 357 Ga. App. 710, 717 (2020), *McArthur v. Beech Haven Baptist Church of Athens*, 361 Ga. App. 877 (2021).

In *St. Joseph's*, the Court of Appeals held that allegations of sexual abuse involving multiple victims over multiple years were insufficient to establish a public nuisance. *Saint Joseph's Catholic Church*, 357 Ga. App. 710, 717. The court expressly held that "the alleged molestation itself was not sufficient to constitute a public nuisance, even if there were multiple victims over multiple years," and explained that, although the alleged conduct would constitute "terrible injury to the victims," those injuries did not transform private injuries into a public nuisance. *Id* at 717. Additionally, in *McArthur*, the Court of Appeals reaffirmed *St. Joseph's* and again held that allegations of abuse involving multiple victims over multiple years failed to state a public nuisance claim. *Beech Haven Baptist Church of Athens*, 361 Ga. App. 877. In doing so, the court rejected the notion that injuries suffered by multiple victims, standing alone, are sufficient to establish a public nuisance. *Id* at 881.

The same deficiency exists here. Plaintiff's allegations concerning trafficking victims, sex buyers, drug activity, gunshots, robberies, and other criminal conduct identify individuals allegedly harmed by criminal misconduct occurring at or near the Property. (Doc. 1 ¶¶ 9, 12-16, 25-26, 30-34). One reviewer allegedly heard gunshots and observed disorderly conduct. (Doc. 1 ¶ 33). Another was allegedly robbed while returning from a restaurant. *Id*. Others allegedly encountered prostitutes or drug dealers. *Id*. Allegations of harm to particular individuals do not

4

plausibly establish that the Savannah Suites itself damaged all persons who came within the sphere of its operation or otherwise interfered with a right common to the public generally.

Plaintiff further argues that *St. Joseph's* is distinguishable because the Court of Appeals contrasted the concealed abuse alleged there with establishments such as a gambling house or unlicensed liquor store. Plaintiff contends that the Savannah Suites more closely resembles the latter because trafficking, prostitution, and other criminal activity allegedly occurred openly throughout the Property. Plaintiff's argument misses the point. The *St. Joseph's* court did not hold that openly occurring criminal activity automatically constitutes a public nuisance. Rather, the court held that alleged injuries suffered by particular victims, even over multiple years, were insufficient to establish a public nuisance and further held that the plaintiff failed to allege an appreciable blighting effect on the surrounding community. *St. Joseph's*, 357 Ga. App. at 717.

Even accepting Plaintiff's allegations as true, the Complaint still fails to plausibly allege either element. Plaintiff points to trafficking victims, sex buyers, drug activity, robberies, gunshots, and other criminal conduct occurring at or near the Property. Those allegations identify criminal activity and injuries allegedly suffered by particular individuals. And, with the exception of the alleged trafficking victims, all concern different harms than those allegedly suffered by Plaintiff.

5

Plaintiff's allegations do not plausibly establish that the Savannah Suites interfered with rights common to the public generally, nor do they plausibly establish the type of community-wide harm associated with the gambling establishments and unlicensed liquor stores referenced in *St. Joseph's*.

Plaintiff has therefore failed to plausibly allege that the Savannah Suites injured those who came within its sphere of operation in the manner contemplated by Georgia nuisance law and must alternatively establish a public nuisance through sufficiently pleaded allegations demonstrating an appreciable blighting effect on the surrounding community.

**C. Plaintiff failed to establish a public nuisance because she did not plausibly allege an appreciable blighting effect on the surrounding community.**

Plaintiff's Response attempts to cure the conclusory nature of paragraphs 70 through 73 by pointing back to factual allegations elsewhere in the Complaint. Specifically, Plaintiff argues that the Savannah Suites' "history of rampant crime and illegal sex activity created a spill-over effect that led to other crime occurring in the surrounding area," attracted "persons of questionable character," and produced an appreciable "blighting effect on the surrounding community." (Doc. 1 ¶¶ 70-72.) Plaintiff then cites allegations that more than 100 sex buyers, drug dealers, drug buyers, and traffickers allegedly frequented the Property, that trafficking victims were allegedly sold for sex in hotel rooms and the parking lot, that sex buyers came and went from rooms after short stays, and that online reviews referenced

prostitution, drug activity, robberies, and groups gathering outside the hotel. (Doc. 1 ¶¶ 25-26, 30-34, 70-72). Even accepting those allegations as true, the allegations do not plausibly establish an appreciable blighting effect on the surrounding community. The Complaint describes criminal activity allegedly occurring at or near the Property and identifies individuals allegedly engaged in that activity. Missing are factual allegations connecting those conditions to any broader impact on the surrounding community, such as effects on neighboring property owners, surrounding businesses, property values, municipal enforcement efforts, or neighborhood deterioration attributable to Defendant's conduct. Plaintiff's argument ultimately asks the Court to infer community blight solely from allegations that criminal activity occurred at the hotel. At most, the Complaint alleges that the Savannah Suites was located in a high crime area.

Plaintiff's reliance on *City of College Park* and *Moreland* does not alter Defendant's conclusion, but in fact, supports it. *City of Coll. Park v. 2600 Camp Creek, LLC*, 293 Ga. App. 207, 209, 666 S.E.2d 607 (2008), M*oreland v. Cheney*, 267 Ga. 469, 469 S.E.2d 745 (1997) (holding nightclub a public nuisance based on pervasive drug dealing and gunfights in and around the premises). In *City of College Park*, the alleged public nuisance was a deteriorated access road that served as the only vehicular route to an apartment complex and was used by residents, visitors, emergency personnel, and the general public. *2600 Camp Creek, LLC*, 293 Ga. App.

7

207. The evidence showed that the road's condition impeded police, fire, and emergency services, damaged police vehicles, created hazards for pedestrians and motorists, and threatened the health and safety of those living in and visiting the surrounding area. *Id* at 208-209. The Court of Appeals concluded that a jury could find a public nuisance because the condition of the road interfered with rights common to the public, including safe travel and access to emergency services. *Id* at 210.

Here, Plaintiff does not allege that the operation of the Savannah Suites interfered with any public right comparable to public safety services, emergency access, transportation, or another right held in common by the public. Nor does Plaintiff allege facts demonstrating a community-wide impact similar to that present in *City of College Park*.

Likewise, *Moreland* is readily distinguishable. The issue there was whether evidence presented to the trial court supported an existing nuisance finding. *Moreland*, 267 Ga. at 469. Here, the issue is whether Plaintiff has plausibly alleged facts establishing a public nuisance. Plaintiff's Complaint identifies criminal activity and then concludes that a public nuisance existed. *Moreland* does not stand for the proposition that allegations of criminal conduct alone are sufficient to plead a public nuisance claim.

Ultimately, Plaintiff's Response repackages the same allegations contained in the Complaint and invites the Court to infer the existence of a public nuisance from allegations of trafficking, prostitution, drug activity, and other criminal conduct occurring at or near the Property. Furthermore, the authorities relied upon by Plaintiff involve either interference with rights common to the public or evidence demonstrating identifiable community-wide impacts. Plaintiff alleges neither. Instead, Plaintiff offers conclusory assertions that the Savannah Suites caused a "spill-over effect" and "blighting effect" on the surrounding community without alleging facts plausibly supporting those conclusions.

## **CONCLUSION**

Based on the foregoing arguments and authority, Defendant respectfully requests that this Court issue an ORDER dismissing Plaintiff's public nuisance claim with prejudice.

Respectfully submitted this 11th day of August, 2026.

/s/ Cameron A. Mobley
CAMERON A. MOBLEY
Georgia Bar No. 613048

**LEWIS BRISBOIS BISGAARD**
  **& SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Cameron.Mobley@lewisbrisbois.com
Joshua.Gregory@lewisbrisbois.com

R. JOSHUA GREGORY
Georgia Bar No. 470524
*Counsel for Condor Hospitality*
*Limited Partnership*

9

## RULE 7.1D CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

Dated: August 11 , 2026.

/s/ Cameron A. Mobley
Cameron A. Mobley
Georgia Bar No. 470524

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of August, 2026 filed the within and foregoing ***DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S PUBLIC NUISANCE CLAIM*** via CM/ECF, which automatically sends an electronic copy to all counsel of records as follows:

PATRICK J. MCDONOUGH
JONATHAN S. TONGE
JENNIFER M. WEBSTER
**ANDERSEN, TATE & CARR, P.C.**
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com

*Counsel for Plaintiff*

Submitted this 11th day of August, 2026

|  |  |
|---|---|
| | /s/ Cameron A. Mobley |
| | CAMERON A. MOBLEY |
| | Georgia Bar No. 613048 |
| **LEWIS BRISBOIS BISGAARD** | R. JOSHUA GREGORY |
| **& SMITH LLP** | Georgia Bar No. 470524 |
| 600 Peachtree Street, Suite 4700 | *Counsel for Condor Hospitality* |
| Atlanta, Georgia 30308 | *Limited Partnership* |
| (404) 348-8585 | |
| (404) 467-8845 Facsimile | |
| Cameron.Mobley@lewisbrisbois.com | |
| Joshua.Gregory@lewisbrisbois.com | |

11
