UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michal Roseberry,

Plaintiff,

v.

Condor Hospitality Limited Partnership,

Defendant.

CIVIL ACTION FILE

NO. 1:26-cv-00467-SEG

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S REQUEST FOR ORAL ARGUMENT AND BRIEF IN SUPPORT**

**INTRODUCTION**

Oral argument would add little to the Court's consideration of Defendant's Motion to Dismiss Plaintiff's Public Nuisance Claim. [Doc. 26]. Defendant's Motion has been fully briefed, the parties' positions are clear, and the Motion presents a straightforward question of whether the allegations of the Complaint satisfy settled Georgia public nuisance law. This is precisely the kind of question Local Rule 7.1(E) contemplates resolving on the papers. Plaintiff respectfully requests that the Court deny Defendant's request and decide the Motion to Dismiss without oral argument.

**ARGUMENT**

Local Rule 7.1(E) provides that "[m]otions will be decided by the Court without oral hearing, unless a hearing is ordered by the Court." LR 7.1(E), NDGa.

Whether oral argument would assist the Court is committed to the Court's discretion, and courts in this District routinely resolve motions, including motions to dismiss, on the papers when the briefing adequately presents the issues. *See D.H. Pace Co. v. AOD Grp., LLC*, No. 1:12-cv-3854, 2013 WL 12063917, at *3 n.5 (N.D. Ga. June 17, 2013) (denying a motion for oral argument on a Rule 12(b)(6) motion because "a hearing is not necessary"); *Muzzy Prods., Corp. v. Sullivan Indus., Inc.*, 194 F. Supp. 2d 1360, 1378 (N.D. Ga. 2002) (denying an oral hearing when the court was "able to evaluate the issues involved in this case without hearing oral argument from counsel").

Defendant offers two reasons for oral argument: the purported novelty of the issues presented and the relative experience of its counsel. [Doc. 32 at ¶¶ 2–3]. *First*, Defendant characterizes its Motion as presenting "novel issues concerning the intersection of Georgia public nuisance law and" the Trafficking Victims Protection Reauthorization Act. [*Id.* at ¶ 2]. But Defendant's Motion does not actually ask the Court to resolve any unsettled question concerning the intersection of these two bodies of law. The issue presented is whether the allegations of Plaintiff's Complaint satisfy the elements of a public nuisance under Georgia law. Defendant's Motion and Reply apply the ordinary Georgia public-nuisance framework to the allegations of the Complaint, and Plaintiff's Response does the same. [Docs. 26, 29, 31]. The parties disagree about the result.

Nor is the applicable public-nuisance law novel. Georgia law defines a public nuisance as one that "damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." O.C.G.A. § 41-1-2. Georgia courts have repeatedly applied that standard, including to claims involving criminal activity occurring at or facilitated by a particular property. *See, e.g., Moreland v. Cheney*, 267 Ga. 469, 469, 479 S.E.2d 745, 745−46 (1997); *McArthur v. Beech Haven Baptist Church of Athens*, 368 Ga. App. 525, 534−35, 890 S.E.2d 427, 438 (2023); *Crews v. State ex rel. Hayes*, 215 Ga. 698, 698, 113 S.E.2d 116, 116−17 (1960); *Doe v. Suresh & Durga, Inc.*, No. 20A83795-5 (DeKalb Cnty. St. Ct. May 8, 2024) (Order). Applying those principles to the allegations here is the familiar task presented by a Rule 12(b)(6) motion.

In any event, the parties have already fully briefed the application of those principles to Plaintiff's allegations. Defendant filed its Motion, Plaintiff responded, and Defendant replied. [Docs. 26, 29, 31]. The Reply raises no new legal issue requiring further development and identifies no conflict in authority that oral argument might help resolve. [Doc. 31]. The parties' disagreement is straightforward: Defendant contends the pleaded facts do not satisfy Georgia's public-nuisance requirements; Plaintiff contends they do. The Court has both sides' arguments before it.

*Second*, Defendant cites counsel's relative experience. [Doc. 32]. Plaintiff does not discount that consideration, which the Court's Standing Order expressly

identifies as a factor it may consider in determining whether to grant oral argument. *Standing Order Regarding Civil Litigation* at 27 (Geraghty, J.). Plaintiff's counsel is herself an attorney with less than five years' experience. But in this instance, the nature of the Motion and the completeness of the briefing weigh against a hearing. The parties have fully presented their respective positions, Defendant's reply raises no new issue requiring further development, and the Motion ultimately turns on the application of settled Georgia law to the allegations of the Complaint. Respectfully, oral argument is unnecessary notwithstanding counsel's relative experience.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Request for Oral Argument [Doc. 32] and resolve Defendant's Motion to Dismiss Plaintiff's Public Nuisance Claim on the briefing already submitted.

Respectfully submitted on August 25, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile