UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michal Roseberry,

Plaintiff,

v.

Condor Hospitality Limited Partnership,

Defendant.

CIVIL ACTION FILE

NO. 1:26-cv-00467-SEG

**PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTIES AND AMEND THE COMPLAINT**

Discovery in this case revealed that two entities not presently named as defendants had direct roles in the Savannah Suites during the period relevant to Plaintiff's claims: TRS Leasing, Inc. ("TRS Leasing") leased the property, and Strand Development Company, LLC ("Strand Development") operated and managed it. Defendant first disclosed those roles in its August 25, 2026 discovery responses. Before then, Defendant had identified no unjoined necessary parties and had disclosed nothing connecting either entity to the Savannah Suites.

Plaintiff now promptly seeks leave to amend her complaint and add TRS Leasing and Strand Development as defendants. The case remains in its early stages, the proposed claims arise from the same sex trafficking at the same property, and amendment will neither prejudice the existing Defendant nor disrupt the litigation.

Leave to amend should therefore be granted. Plaintiff's proposed First Amended Complaint ("FAC") is attached as Exhibit A.

## PROCEDURAL AND FACTUAL BACKGROUND

On January 26, 2026, Plaintiff filed her Complaint against Defendant Condor Hospitality Limited Partnership ("Condor Hospitality"), alleging claims for statutory sex trafficking liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), and for nuisance under O.C.G.A. §§ 41-1-1, 41-1-2, 41-1-3, and Georgia common-law arising from Plaintiff's sex trafficking at the Savannah Suites located at 140 Pine Street N.E., Atlanta, Georgia 30308 (Doc. 1). Plaintiff alleges that, for approximately six weeks in or around February and March 2016, she was illegally harbored, falsely imprisoned, and sold for sex at the Savannah Suites and that Condor Hospitality knowingly benefitted from participation in a venture it knew or should have known violated the TVPRA (*Id.* ¶¶ 1, 9, 54–61).

Condor Hospitality answered Plaintiff's Complaint on July 15, 2026 (Doc. 25). Two days later, on July 17, Plaintiff served her first written discovery requests. (Doc. 28). The deadline to amend the pleadings as a matter of right was August 5, 2026, and the discovery period formally commenced on August 14, 2026. (Docs. 25, 30).

Before the amendment deadline, Condor Hospitality did not identify TRS Leasing or Strand Development as entities involved in the Savannah Suites that should be joined in this action. In the parties' August 3, 2026 Joint Preliminary Report and Discovery Plan ("JPRDP"), Condor Hospitality identified no unjoined necessary parties, while Plaintiff identified "[a]ny other persons or entities that owned, managed, operated, or controlled the hotel involved." (Doc. 30). And in its August 14, 2026 Initial Disclosures, Condor Hospitality stated that it was "not currently aware of any necessary parties that have not been named by Plaintiff." Ex. B, Defendant's Initial Disclosures Excerpt ¶ 2; (Doc. 33).

That changed on August 25, 2026, when Condor Hospitality served its responses to Plaintiff's written discovery and, for the first time, identified TRS Leasing and Strand Development as entities involved with the Savannah Suites. (Doc. 36). Specifically, Condor Hospitality disclosed that, during the relevant period, TRS Leasing leased the Savannah Suites and Strand Development managed and operated the property pursuant to a Hotel Management Agreement. Ex. C, Defendant's Resp. to Interrog. No. 1. According to Defendant, under that agreement, Strand Development provided property management, financial accounting, reporting, marketing, and operational services for the Savannah Suites. *Id.* Condor Hospitality further disclosed that hotel employees were employed by Strand Development or its affiliates and that Strand Development was retained as an

independent contractor for the operation and management of the property. *Id.*, Defendant's Resp. to Interrog. No. 5.

Thus, according to Condor Hospitality's discovery responses, TRS Leasing and Strand Development each had roles in operating the Savannah Suites during the period relevant to Plaintiff's claims. Plaintiff now seeks leave to file the proposed FAC asserting claims against TRS Leasing and Strand Development based on their respective roles at the property.[1]

## ARGUMENT

Rule 15(a)(2) directs courts to "freely give leave" to amend a party's pleading "when justice so requires," and the Eleventh Circuit follows a liberal policy favoring amendment. Fed. R. Civ. P. 15(a)(2); *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation modified). Accordingly, leave should be granted absent a "substantial reason" for denying amendment, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009).

[1] Plaintiff notified Condor Hospitality on September 30, 2026 of her intent to seek leave to add those entities as defendants and asked whether Condor Hospitality would oppose the request. Condor Hospitality did not respond.

Where, as here, the deadline to amend the pleadings has passed, Rule 16(b)(4) permits modification of the scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). Good cause turns principally on whether the deadline could have been met despite the diligence of the party seeking amendment. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998).

Both standards favor amendment. This is Plaintiff's first request to amend the Complaint, and no party has previously sought modification of the Scheduling Order. The parties have completed only their initial rounds of written discovery, and allowing Plaintiff to amend at this stage will neither disrupt the litigation nor delay its resolution. *See Endura Prods., Inc. v. Glob. Prods. Int'l Grp., LLC*, No. 1:16-CV-3700-ELR, 2017 WL 3597506, at *2 (N.D. Ga. May 25, 2017).

Nor could Plaintiff reasonably have added TRS Leasing and Strand Development Company as defendants before the August 5 deadline. Defendant did not disclose either entity's involvement with the Savannah Suites until August 25—twenty days after the deadline had passed. Thus, despite Plaintiff's diligence, she could not have asserted claims against either entity before the deadline.

Amendment also promotes judicial economy and avoids unnecessary, duplicative litigation because Plaintiff's claims against TRS Leasing and Strand Development are properly joined with her existing claims against Condor Hospitality. Rule 20 permits joinder where the asserted right of relief "aris[es] out

of the same transaction or occurrence, or a series of transactions or occurrences," and presents a common question of law or fact. Fed. R. Civ. P. 20(a)(2)(A)−(B); *Hunter ex rel. Lynah v. Cook*, No. 1:08-cv-2930, 2011 WL 4500009, at *3 (N.D. Ga. Sept. 27, 2011) (citation modified) (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000)). Courts apply this standard liberally and in the interest of judicial economy. *Noorani Trading, Inc. v. Bijani*, No. 1:17-cv-1344-LMM, 2019 WL 12520128, at *2 (N.D. Ga. Mar. 18, 2019).

The first requirement is readily satisfied. The proposed FAC alleges that Condor Hospitality, TRS Leasing, and Strand Development are jointly and severally liable for Plaintiff's injuries arising from the same alleged sex trafficking at the Savannah Suites. Ex. A, ¶¶ 1, 11−15, 19−37, 92. Those claims concern the same Plaintiff, property, trafficking, and alleged injuries and thus arise from the same transaction, occurrence, or series of transactions or occurrences. *Id.* ¶¶ 19−80; Fed. R. Civ. P. 20(a)(2)(A).

The second requirement is likewise satisfied. The claims against Condor Hospitality, TRS Leasing, and Strand Development present common questions of law and fact. Fed. R. Civ. P. 20(a)(2)(B). Among others, those questions include each Defendant's role in owning, managing, operating, or controlling the Savannah Suites; their knowledge of sex trafficking and other illegal activity at the property; and whether they knowingly benefited from participation in a venture they knew or

should have known violated the Trafficking Victims Protection Reauthorization Act. Ex. A, ¶¶ 1, 5, 8, 11−16, 38−39, 82−88. These common questions readily satisfy Rule 20. *See Hunter ex rel. Lynah*, 2011 WL 4500009, at *4.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to Add Parties and Amend the Complaint and permit Plaintiff to file the proposed First Amended Complaint attached as Exhibit A.

Respectfully submitted on October 7, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile