# EXHIBIT B

## Defendant's Initial Disclosures Excerpt

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Michal Roseberry,<br><br>Plaintiff,<br>v.<br><br>Condor Hospitality Limited Partnership,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No.<br>1:26-cv-00467-SEG |

**DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant Condor Hospitality Limited Partnership ("Defendant") by and through their undersigned counsel, make the following mandatory disclosures. Defendant expressly reserves the right to rely on additional witnesses and documents as further information is developed through discovery and investigation:

Defendant is not presently aware of the identities of all potential witnesses and documents. Accordingly, these disclosures are limited to the facts known by and information available to Defendant at the present time. Defendant reserves the right to amend, revise, and/or supplement these disclosures as may be made necessary through further investigation, discovery, and trial preparation.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended

summons and complaint reflecting the information furnished in this disclosure response.

**Defendant makes no such contention at this time.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Defendant is not currently aware of any necessary parties that have not been named by Plaintiff.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Defendant maintains that it cannot be held liable for Plaintiff's alleged injuries because it was not responsible for the management of the hotel where her alleged trafficking occurred. Defendant reserves the right to supplement this response once it has the benefit of discovery.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Defendant intends to rely upon 18 U.S.C. § 1595(a) as well as federal decisional law concerning the parties that may be held directly liable for a beneficiary liability claim in the hotel context.. Additionally, Defendant intends to rely upon Georgia common law governing the imposition of liability and calculation of damages for tort actions alleging personal injury based on**