# EXHIBIT C

## Defendant's Response to Interrogatory No. 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAL ROSEBERRY<br><br>Plaintiff,<br>v.<br><br>CONDOR HOSPITALITY LIMITED PARTNERSHIP,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No.<br>1:26-cv-00467-SEG |

**<u>DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES</u>**

**COMES NOW** Defendant CONDOR HOSPITALITY LIMITED PARTNERSHIP. ("CONDOR"), and hereby responds to Plaintiff's First Continuing Interrogatories as follows:

**<u>RESPONSE TO FIRST INTERROGATORIES</u>**

1.

Please identify any person who owned, managed, maintained, or was in control of the hotel or provided security at the hotel from January 1, 2013 through December 31, 2017. For any identified corporate entity, please identify any person who owned or controlled the entity, and if the ownership or control has changed, please identify the current ownership or control.

**RESPONSE: Condor objects to this interrogatory on the basis that it is overly broad as presently phrased. Specifically, this interrogatory is not reasonably limited in time. Subject to the foregoing objections and without waiving the same, Condor responds as follows:**

**Condor states that during the relevant period the Savannah Suites located at 140 Pine Street, Atlanta, Georgia was leased by TRS Leasing, Inc. and, beginning June 19, 2015, was managed and operated pursuant to a Hotel Management Agreement by Strand Development Company, LLC. The Hotel Management Agreement expressly provided that Strand Development Company, LLC was engaged to operate and manage the hotel and provide property management, financial accounting, reporting, marketing, and operational services for the property. The agreement further provided that hotel employees were employees of Strand Development Company, LLC or its affiliates and not employees of the lessee entities.**

**Condor further states that security services, if any, would have been provided through hotel personnel and/or third-party contractors retained in connection with hotel operations.**

5.

Did Defendant have notice of or knowledge or information about any complaints or incidents of violent crime, sexual assaults, rapes, commercial sex, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at the Savannah Suites from January 1, 2013 through December 31, 2017? If so, please explain in detail the nature of each complaint or incident, the individuals involved, whether any legal action arose out of it, and the outcome of such claims; the date; and what your company did as a result of having that notice, knowledge, or information

**RESPONSE: Condor objects to this interrogatory on the basis that it is as overly broad. Specifically, this interrogatory is not reasonably limited in time.**

**Subject to the foregoing objections and without waiving the same, Condor responds as follows:**

**After a reasonable investigation Condor is not presently aware of records establishing notice of each category of incident identified in this Interrogatory during the period referenced therein. Condor further states that the subject property was managed and operated day-to-day by Strand Development Company, LLC pursuant to a Hotel Management Agreement.**