**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Michal Roseberry,<br><br>Plaintiff,<br>v.<br><br>Condor Hospitality Limited Partnership,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No.<br>1:26-cv-00467-SEG |

**DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTIES AND AMEND THEE COMPLAINT**

COMES NOW Defendant Condor Hospitality Limited Partnership ("Condor"), and respectfully submits this Response in Opposition to Plaintiff's Motion for Leave to Add Parties and Amend Complaint. In support thereof, Condor shows the Court as follows:

**INTRODUCTION**

This is a civil action in which Plaintiff seeks damages under 18 U.S.C. § 1595(a) (the "TVPRA") and Georgia nuisance law for injuries she sustained as a sex trafficking victim. Doc. 1. The Complaint names Condor as the sole defendant. *Id.* Plaintiff now seeks leave to add two new defendants, TRS Leasing, Inc. ("TRS Leasing") and Strand Development, LLC ("Strand Development"), after the

amendment deadline established by the Court's Scheduling Order has expired. The Motion should be denied for three reasons. First, Plaintiff did not exercise the diligence necessary to satisfy Rule 16(b)'s good-cause requirement for modifying the scheduling order to allow amendment of the Complaint. Second, Plaintiff's proposed claims against TRS Leasing and Strand Development do not relate back under Rule 15. Third, neither Strand Development nor TRS Leasing are required parties that must be joined under Rule 19. For these reasons, Plaintiff has not established any justification for leave to amend the Complaint and the Motion should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Plaintiff Cannot Satisfy Rule 16(b)'s Good Cause Requirement.

Plaintiff seeks leave to amend her Complaint after the deadline established by the Court's Scheduling Order. Doc. 38 at 1. Accordingly, Plaintiff must first satisfy Rule 16(b)'s good-cause standard before the Court considers whether amendment is otherwise appropriate under Rule 15. Fed. R. Civ. P 16(b)(4); *see Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("Because [plaintiff's] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). The Eleventh Circuit has recognized that courts must conduct this analysis as a threshold issue because considering only Rule 15(a) without regard

to Rule 16(b) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Harris v. Reverse Mortgage Solutions Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020). "A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent abuse of discretion." *Id.* at 1418 (citing *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)).

The good-cause inquiry focuses on the diligence of the party seeking amendment. Rule 16(b)'s standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. Where the movant was not diligent, the inquiry ends. *Id.* Here, Plaintiff cannot demonstrate the required diligence to authorize modification of the scheduling order.

According to Plaintiff, the proposed amendment is based on information concerning the ownership, leasing, and management structure of the hotel where Plaintiff's trafficking occurred. Yet those facts were not hidden from public view or exclusively within Condor's possession. Condor is a subsidiary of a publicly traded company and, consequently, the relationship between Condor, TRS Leasing, Strand Development, and their respective connections to the hotel were publicly available through SEC filings eleven years before this lawsuit was filed. In June 2015, Condor's parent company publicly filed the Hotel Management Agreement between

TRS Leasing, Inc. and Strand Development Company, LLC with the Securities and Exchange Commission.[1] As demonstrated by the URL in the preceding footnote, the Hotel Management Agreement remains readily accessible by the public to this day. The existence and nature of both Strand's management role and TRS Leasing's relationship to the property therefore could have been discovered through the exercise of reasonable diligence well before Plaintiff filed this action.

Plaintiff's lack of diligence is further demonstrated by her own representations at the outset of this case. In the Joint Preliminary Report and Discovery Plan, Plaintiff expressly identified as potential parties "[a]ny other persons or entities that owned, managed, operated, or controlled the hotel involved." Doc. 30 at 3. Thus, Plaintiff was aware from the beginning of the litigation that additional entities potentially fitting those descriptions might exist and could be implicated by her claims. Despite that awareness, Plaintiff neither sought amendment within the timeframe permitted by the Scheduling Order nor undertook the investigation necessary to identify and name those entities before the amendment deadline expired. This is not a situation where Plaintiff first learned that additional owners, operators, managers, or controllers of the hotel may have existed only after the amendment deadline had passed. To the contrary, Plaintiff specifically contemplated

[1] https://www.sec.gov/Archives/edgar/data/929545/000090044015000073/sppr_8kstrandjune16.htm

that possibility at the commencement of the litigation. Having acknowledged from the outset that additional hotel-related entities could be involved, Plaintiff cannot demonstrate that the amendment deadline "could not be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1419. This is especially true considering that the identities of the parties she seeks to add and their roles in the hotel's operation were a matter of public record.

The circumstances here closely resemble those presented in *Sosa*. There, the Eleventh Circuit affirmed denial of leave to amend where the information supporting the proposed amendment was either already known to the plaintiff or obtainable through publicly available sources prior to the amendment deadline. *Sosa*, 133 F.3d at 1419. The Eleventh Circuit held that the plaintiff's failure to investigate and pursue that information earlier demonstrated a lack of diligence and defeated any showing of good cause. *Id.*; *see also Pugh v. Kobelco Const. Machinery America, LLC*, 413 Fed. Appx. 134, 136 (11th Cir. 2011)(holding plaintiff failed to exercise requisite diligence where the proposed amendment "was based on facts that were, or should have been, within his own knowledge."); *Tolston v. City of Atlanta, Georgia*, 723 F. Supp. 3d 1263, 1288 (N.D. Ga. 2024)(holding plaintiff failed to establish diligence under Rule 16(b)(4) where he "had access to the information needed to amend his complaint well before the deadline for filing his motion expired."). The same result is warranted here. Plaintiff cannot establish that the amendment deadline

could not have been met despite diligent efforts. Instead, the record demonstrates that the information forming the basis of the proposed amendment was publicly available and could have been obtained through a reasonably diligent investigation before the expiration of the Scheduling Order's deadline to amend.

## II. Plaintiff's Proposed Claims Against TRS Leasing and Strand Development Do Not Relate Back Under Rule 15(c).

Separate and apart from Plaintiff's inability to satisfy Rule 16(b), the Motion should also be denied because the proposed claims against TRS Leasing and Strand Development do not relate back under Rule 15(c). Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). Under the circumstances presented here, Rule 15(c)(1) will only permit relation back of an amendment when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment;
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

As an initial matter, Condor agrees that the proposed amendment asserts claims arising out of the same conduct, transaction, or occurrence set forth in the Complaint. *See generally*, Doc. 41 Ex. A. However, this alone does not authorize relation back under Rule 15 because Plaintiff seeks to assert new claims against new parties. Importantly, "satisfying Rule 15(c)(1)(B) is not enough when a plaintiff's proposed amendment 'does not add claims against parties already involved in the action, but, rather, seeks to add parties.'" *Tolston v. City of Atlanta*, 723 F. Supp. 3d 1263, 1291 (N.D. Ga. 2024)(quoting *Meredith v. McKesson Medical-Surgical, Inc.*, No. 1:20-cv-3280-MLB, 2021 WL 5140987, at *3 (N.D. Ga. Nov. 4, 2021)). "Instead, a plaintiff seeking to add a party must also satisfy Rule 15(c)(1)(C)'s requirements." *Id.* It is Plaintiff's burden to show satisfaction of Rule 15(c). *In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014)("The party seeking leave to amend under Rule 15 bears the burden of establishing his entitlement to it[.]"). Therefore, Plaintiff must establish that Strand Development and TRS Leasing (1) received notice of the suit's filing within the service deadline provided by Rule 4(m) and (2) knew or should have known, but for a mistake concerning the proper parties'

identities, this action would have been brought against them. Plaintiff cannot satisfy either of these requirements.

*i.* *<u>Plaintiff failed to establish that Strand Development and TRS Leasing had notice of this action</u>.*

First, Plaintiff's Motion does not address Strand Development nor TRS Leasing's notice of the suit's filing. *See generally* Doc. 41. There is simply no evidence that either entity have been made aware of the action, much less that they were on notice within the deadline to effectuate service under Rule 4(m). Therefore, Plaintiff has failed to establish Rule 15(c)(1)(C) supports relation back. Consequently, this Court can—and should—deny the Motion on this basis alone.

*ii.* *<u>Plaintiff's nonjoinder of Strand Development and TRS Leasing is not the result of mistaken identity</u>.*

Plaintiff has similarly failed to demonstrate her proposed amendments relate back under Rule 15(c)(1)(C)(ii). Where the mistake requirement of Rule 15(c) is not satisfied, "there can be no relation back regardless of whether the other requirements, such as notice and lack of prejudice to the joined party, are met." *Wayne*, 197 F.3d at 1103 n.5. In order to determine whether the mistake requirement of Rule 15(c) is satisfied, the Court must perform a two part inquiry. *See Krupski*, 560 U.S. at 548-49. First, it must determine whether Plaintiff was actually mistaken as to the proper party's identity. *Id.* Next, the Court must determine whether the proper party knew or should have known that it would have been sued but for that mistake. *Id.*

By Plaintiff's own admission, this is not a case involving a misnomer, misidentification, or mistake concerning the identity of the proper defendant. Plaintiff does not contend that she intended to sue TRS Leasing or Strand Development but accidentally sued Condor instead. Nor does Plaintiff contend that she was confused about the identity of the party she chose to sue. Rather, Plaintiff admits that discovery revealed the existence and/or role of additional corporate entities and that she now wishes to add these entities to the lawsuit. *See* Doc. 41 at 1-4. Rule 15(c) does not permit relation back under these circumstances.

The Eleventh Circuit has held a plaintiff's "lack of knowledge regarding the identities" of additional defendants is "not a mistake concerning the identity of the proper party" under Rule 15(c)(1)(C)(ii). *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999). It expressly rejected any interpretation of Rule 15(c) equating a lack of knowledge with a mistake, explaining that it did "not read the word 'mistake' to mean 'lack of knowledge.'" *Id.* More recently, the this Court applied the same principle in *Tolston*. There, the plaintiff sought to add a newly identified party after the expiration of the statute of limitations. *Toltson*, 723 F. Supp. 3d at 1290-92. This Court held the plaintiff's claims against the new party did not relate back the amendment sought to cure a lack of knowledge rather than correct a mistake concerning identity. *Id.* at 1293-94.

This Court should apply the same reasoning underpinning *Wayne* and *Tolston* here. Plaintiff alleges that discovery revealed TRS Leasing's identity as the lessee and Strand Development's role as manager of the hotel and, therefore, seeks to add them as party-defendants. Doc. 41 at 1-4. As expressed in the foregoing authority, however, learning new information about additional potentially responsible entities is not the same thing as making a mistake concerning the identity of the proper party. Plaintiff intentionally chose to sue Condor. Plaintiff now seeks to broaden the case by adding other entities whose existence and roles allegedly became known during litigation. Such an amendment is based on subsequently acquired knowledge, not mistaken identity. The lack of mistake is further demonstrated by the relief Plaintiff seeks. Plaintiff is not asking this Court to permit substitution of a new entity or entities in lieu of Condor. Instead, she wants to continue pursuing her previously asserted claims against Condor in addition to her new claims against Strand Development and TRS Leasing. Simply put, the non-joinder of Strand Development and TRS Leasing did not result from "mistake" as contemplated by Rule 15.

Considering these facts, Plaintiff cannot establish Strand Development or TRS Leasing knew or should have known that they should have been named but for mistaken identity. Indeed, these entities could not have been aware of a mistake when no mistake occurred. Additionally, Plaintiff has not identified any basis for this Court to conclude Strand Development and/or TRS Leasing knew or should

have known they would have been named but for a mistake as to identity. In fact, the publicly available SEC filings reinforce the conclusion Plaintiff intentionally named Condor as the sole defendant. Strand Development and TRS Leasing's identities and legal obligations at the hotel were publicly available long before Plaintiff filed suit. As the Supreme Court has recognized, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski*, 560 U.S. at 549. The Hotel Management Agreement was publicly available and provided a comprehensive explanation of Strand Development and TRS Leasing's relationship to the Hotel. Therefore, both entities could only reasonably assume that Plaintiff's decision to sue Condor alone was a deliberate strategic choice.

Accordingly, the proposed claims against TRS Leasing and Strand Development do not relate back under Rule 15 and Plaintiff's motion should be denied.

## III. TRS Leasing and Strand Development Are Not Required Parties Under Rule 19.

Although she has not expressly moved for joinder under Rule 19, Plaintiff appears to suggest that amendment is warranted because Condor did not identify TRS Leasing or Strand Development as unjoined "necessary parties". Setting aside the fact that Plaintiff has not sought relief under Rule 19, Plaintiff cannot

demonstrate that Strand Development and TRS Leasing are required parties that must be joined.

Rule 19 requires joinder only where complete relief cannot be afforded among the parties already before the Court or where the absent party claims an interest that would be impaired by proceeding in its absence. Fed. R. Civ. P. 19(a)(1). The burden rests on the party seeking joinder to establish that the absent party is required. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011).

Neither TRS Leasing nor Strand Development satisfy Rule 19. The complete-relief inquiry focuses on whether relief can be afforded among the parties already before the Court, not whether a plaintiff might also have claims against an absent entity. *See Tolston*, 723 F. Supp. at 1295. Further, the fact that a plaintiff could have sued another entity does not render that entity a required party, as Rule 19 does not require every potentially liable party to be joined in a single action. *Id.*

Accordingly, Strand Development and TRS Leasing are not required parties and need not be joined under Rule 19.

## **CONCLUSION**

Based on the foregoing arguments and authority, Condor respectfully requests that this Court deny Plaintiff's Motion for Leave to Add Parties and Amend Complaint in its entirety.

*Signatures follow on next page.*

Respectfully submitted this 21st day of October, 2026.

*/s/ Cameron A. Mobley*
CAMERON A. MOBLEY
Georgia Bar No. 613048
R. JOSHUA GREGORY
Georgia Bar No. 470524

*Counsel for Condor Hospitality Limited Partnership*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Cameron.Mobley@lewbrisbois.com
Joshua.Gregory@lewisbrisbois.com

**RULE 7.1D CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

Dated: October 21, 2026.

/*s/ Cameron A. Mobley*
Cameron A. Mobley
Georgia Bar No. 613048

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 21st day of October, 2026 filed the within and foregoing ***DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTIES AND AMEND THEE COMPLAINT*** via CM/ECF, which automatically sends an electronic copy to all counsel of records as follows:

PATRICK J. MCDONOUGH | JONATHAN S. TONGE
JENNIFER M. WEBSTER
**ANDERSEN, TATE & CARR, P.C.**
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com

*Counsel for Plaintiff*

Submitted this 21st day of October, 2026

*/s/ Cameron Mobley*
CAMERON A. MOBLEY
Georgia Bar No. 613048
R. JOSHUA GREGORY
Georgia Bar No. 470524

*Counsel for Condor Hospitality Limited Partnership*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Cameron.Mobley@lewisbrisbois.com
Joshua.Gregory@lewisbrisbois.com