UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michal Roseberry,

Plaintiff,

v.

Condor Hospitality Limited Partnership,

Defendant.

CIVIL ACTION FILE

NO. 1:26-cv-00467-SEG

**PLAINTIFF'S REPLY TO DEFENDANT CONDOR HOSPITALITY LIMITED PARTNERSHIP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTIES AND AMEND THE COMPLAINT**

## INTRODUCTION

Plaintiff seeks to add the entities Defendant Condor Hospitality Limited Partnership identifies as responsible for leasing, managing, and operating the Savannah Suites during Plaintiff's trafficking. Condor opposes amendment principally because Plaintiff could have discovered those entities earlier through historical SEC filings made by Condor's parent company. [Doc. 42]. But that argument overlooks both Plaintiff's diligence in identifying the proper parties and the mistake concerning their identities that gave rise to this motion.

From the outset, Plaintiff intended to hold the entities responsible for the Savannah Suites' ownership, management, and operation liable for their participation

in or benefit from her trafficking. Her Complaint expressly alleges that Condor "owned, operated, maintained, controlled, managed, or was responsible for securing" the hotel and attributes the hotel's operational decisions and employee conduct to Condor. [Doc. 1 ¶¶ 5, 7(a), 17–22, 29, 56]. Plaintiff mistakenly identified Condor as the entity performing those roles, without knowing that TRS Leasing, Inc. ("TRS Leasing") allegedly held the leasehold interest or that Strand Development Company, LLC ("Strand Development") had contracted to operate the property. This is precisely the type of mistake contemplated by Rule 15(c). *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541, 548–49 (2010); *Kilpatrick v. Lauderdale Cnty. Sheriff's Dep't*, No. 3:20-CV-00098-HNJ, 2020 WL 6937843, at *6–7 (N.D. Ala. Nov. 13, 2020) (permitting relation back where the plaintiff mistakenly sued the entity she believed operated a detention facility rather than the individuals responsible for its operation).

Plaintiff also diligently pursued the identification of the proper parties. She served written discovery two days after Condor answered and, before the amendment deadline, expressly identified other entities responsible for the hotel's ownership, management, or operation as potentially unjoined parties. [Docs. 28, 30]. Condor nevertheless waited until August 25, 2026—twenty days after the amendment deadline—to identify TRS Leasing and Strand Development. [Docs. 36, 41.3]. Plaintiff promptly sought leave to amend. [Doc. 41]. Rule 16(b)(4) does not require

Plaintiff to reconstruct Condor's corporate structure through historical SEC filings before obtaining discovery concerning the entities responsible for the hotel.

Condor's futility arguments likewise provide no basis for denying leave, and they reach only part of the case. Plaintiff's public nuisance claims are not governed by a traditional statute of limitations, so they are timely against TRS Leasing and Strand Development regardless of relation back and independently support joinder. Plaintiff's claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA") were timely filed; to the extent the limitations period has since run as to the proposed defendants, those claims relate back under Rule 15(c)—plainly so as to TRS Leasing, whose president was personally served with the Complaint within the Rule 4(m) period, and as to Strand Development on a record that discovery will develop. Finally, Condor's Rule 19 argument is irrelevant to Plaintiff's request for permissive joinder under Rule 20. Because Plaintiff has established good cause to amend and Condor identifies no undue prejudice or other sufficient basis for denying leave, the Court should grant Plaintiff's Motion.

## ARGUMENT

### I. Plaintiff exercised diligence under Rule 16(b)(4).

Rule 16(b)(4) permits modification of a scheduling order for good cause, which exists when the deadline could not be met despite the diligence of the party

seeking modification. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998).

The decisive fact is one of timing: the deadline to amend expired on August 5, 2026, before discovery formally commenced on August 14, 2026. [Doc. 30]. Plaintiff cannot be faulted for failing to amend her Complaint to add entities whose roles Defendant did not identify until after the deadline for amendment had passed. And Rule 16 does not require a plaintiff to anticipate facts concerning a defendant's corporate and contractual relationships that have not yet been disclosed in discovery.

Condor nevertheless argues that Plaintiff should have identified these entities earlier because a Hotel Management Agreement was publicly available through an SEC filing made by Condor's parent company. [Doc. 42 at 3–5]. But that argument assumes Plaintiff should have independently traced Condor's relationship to its parent company, reviewed historical SEC filings, and reconstructed its corporate structure before obtaining discovery from Condor itself. Plaintiff had expressly identified other entities that owned, managed, operated, or controlled the Savannah Suites as potentially unjoined parties before the amendment deadline and promptly served discovery to determine which entities were responsible for the Savannah Suites. [Doc. 30]. The existence of a Hotel Management Agreement buried within a parent

company's historical SEC filings does not establish that Plaintiff failed to exercise diligence.[1]

Condor's reliance on *Sosa*, *Pugh v. Kobelco Constr. Mach. Am., LLC*, 413 F. App'x 134 (11th Cir. 2011), and *Tolston v. City of Atlanta*, 723 F. Supp. 3d 1263 (N.D. Ga. 2024), is misplaced. In *Sosa*, the plaintiff knew of the additional company before filing suit and waited approximately four months to serve written discovery. 133 F.3d at 1419. In *Pugh*, the plaintiff moved to amend almost two years after filing the original complaint and more than three months after the amendment deadline had expired. 413 F. App'x at 135–36. In *Tolston*, the plaintiff possessed documents

---

[1] Defendant, formerly Supertel Limited Partnership, was the operating partnership of Condor Hospitality Trust, Inc. ("CDOR"), a formerly publicly traded REIT. Yet Georgia and Virginia corporate records identify Defendant's sole general partner as Condor Hospitality REIT Trust, formerly Supertel Hospitality REIT Trust—not CDOR. *See* Ex. 1, VA. SEC'Y OF STATE, *Certificate of Amendment of a Certificate of Limited Partnership* (Nov. 12, 2021). CDOR's SEC filings identify TRS Leasing, Inc. among 25 subsidiaries in 2015 and 26 in 2016, but do not identify TRS Leasing's role at the Savannah Suites or Strand Development as its operator in those subsidiary disclosures. Ex. 2, CONDOR HOSPITALITY TRUST, INC., 2015 SEC FORM 10-K, EXHIBIT 21.0 (2015); Ex. 3, CONDOR HOSPITALITY TRUST, INC., 2016 SEC FORM 10-K, EXHIBIT 21.0 (2016). These relationships appear in a separate June 2015 Hotel Management Agreement involving multiple leasing entities and hotel properties, with the Savannah Suites identified in an accompanying schedule. Ex. 4, CONDOR HOSPITALITY TRUST, INC., 2015 SEC FORM 8-K, EXHIBIT 10.2 (2015). Thus, identifying the entities responsible for this particular hotel required connecting separate corporate records, SEC disclosures, and contractual arrangements. And even those documents do not conclusively establish the extent of each entity's actual involvement in the hotel's operations.

identifying the proposed defendant nearly two years before filing suit, referenced those documents in his complaint, and waited sixteen months into the litigation to seek amendment. 723 F. Supp. 3d at 1289–90. Unlike the plaintiffs in those cases, Plaintiff did not delay in seeking the information necessary to identify the proper defendants; she pursued it before discovery even opened and promptly sought amendment after Condor disclosed those entities' alleged roles.

Further, while Eleventh Circuit case law under *Sosa* has defined the good cause standard as requiring diligence, case law has never barred a finding of good cause based on facts outside the parties' own conduct. In *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1377 (M.D. Fla. 2009), the court found that even if a party has not demonstrated diligence under the standard set forth in *Sosa*, "good cause" is broad enough to permit the Court to grant the request for other reasons. There, the court determined that despite a lack of diligence, judicial economy and consistency constituted good cause to amend the Scheduling Order to grant leave to file a third-party complaint. *Id*. *See also Home Legend, LLC v. Mannington Mills, Inc.*, No. 4:12-CV-0237-HLM, 2014 WL 12489761, at *2 (N.D. Ga. July 2, 2014) (finding it in the best interest of the Court and the Parties to resolve all potential claims and defenses in one action).

Nor does Condor establish a basis to deny amendment under Rule 15(a)(2). This is Plaintiff's first request to amend, discovery had been open for less than two

months when she moved for leave, and the proposed claims arise from the same trafficking at the same hotel. Condor identifies no undue prejudice, bad faith, repeated failure to cure deficiencies, or disruption to the litigation schedule. Once good cause is established under Rule 16(b)(4), the liberal standard of Rule 15(a)(2) favors amendment. *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022).

## II. The proposed amendment is not futile.

An amendment is futile only if it could not survive a motion to dismiss. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Condor's futility arguments do not meet that standard, and they do not reach Plaintiff's public nuisance claims at all. Those claims carry no traditional limitations period and are timely against both proposed defendants regardless of relation back. Plaintiff's TVPRA claims were timely filed within the limitations period; because that period has since run as to the proposed defendants, those claims are preserved by relation back under Rule 15(c)—a showing Plaintiff makes as to TRS Leasing on the present record, and as to Strand Development on a record discovery will develop.

### A. Plaintiff's public nuisance claims are not time-barred and independently support joinder.

Georgia law has long recognized that public nuisance claims are not subject to a traditional statute of limitations because laches cannot be imputed to the public.

This has been the law in Georgia for more than 150 years and remains the law today.[2] *McArthur v. Beech Haven Baptist Church of Athens*, 361 Ga. App. 877, 864 S.E.2d 189, 193 (2021) (holding that "[a] public nuisance claim is not governed by a traditional statute of limitations" when addressing claims from the 1950s to the 1980s); *McArthur v. Beech Haven Baptist Church of Athens*, 368 Ga. App. 525, 890 S.E.2d 427, 428 (2023) (reaffirming the holding in *McArthur I* that was not implicated by the Supreme Court's decision in *St. Joseph's*). Because the nuisance claims against TRS Leasing and Strand Development are timely without regard to relation back, Plaintiff need not establish that they relate back under Rule 15(c), and these claims independently support granting leave to add both entities even if the Court were to conclude that the TVPRA claims do not relate back. *See Krupski*, 560 U.S. at 554–

[2] *See also Doe v. Saint Joseph's Catholic Church*, 357 Ga. App. 710, 716, 850 S.E.2d 267, 273 (2020), *rev'd and vacated on other grounds*, (Noting that public nuisance "is not governed by a traditional statute of limitations" and thus 42-year-old allegations not outside the statute of limitations for public nuisance); *Davis v. City of Forsyth*, 275 Ga. App. 747, 621 S.E.2d 495, 499 (2005) ("The ... statute of limitations does not run in favor of ... public nuisances [because] of the impropriety of imputing laches to the public.") (alterations in original); *Anneberg v. Kurtz*, 197 Ga. 188, 194, 28 S.E.2d 769, 773 (1944) (same); *Loughridge v. City of Dalton*, 166 Ga. 323, 143 S.E. 393, 395 (1928) (same); *Watkins v. Pepperton Cotton Mills*, 162 Ga. 371, 134 S.E. 69, 71 (1926) (same); *Norrell v. Augusta Ry. & Elec. Co.*, 116 Ga. 313, 42 S.E. 466, 466–67 (1902) (same); *Phinizy v. City Council of Augusta*, 47 Ga. 260, 268–69 (1872) ("The rule that the statute of limitations does not run in favor of a nuisance, only applies to public nuisances, and grows out of the impropriety of imputing laches to the public.").

55 (relation back governs timeliness only where a claim would otherwise fall outside the applicable limitations period).

**B. The proposed amendment adding TRS Leasing relates back to the original Complaint.**

Under Rule 15(c)(1)(C), an amendment adding a defendant relates back when the claims arise from the same occurrence alleged in the original Complaint and, within the Rule 4(m) period, the proposed defendant (1) received notice sufficient to avoid prejudice in defending on the merits and (2) knew or should have known it would have been sued but for a mistake concerning the proper party's identity. *Itel Cap. Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1258–59 (11th Cir. 1983). Defendant does not dispute that the claims against TRS Leasing arise from the same occurrence. The remaining requirements are also satisfied.

*First*, TRS Leasing had timely notice of the lawsuit. On March 25, 2026, within the Rule 4(m) period, Plaintiff served J. William Blackham with the Summons and Complaint. [Doc. 11]. Blackham executed the Hotel Management Agreement as President of TRS Leasing, engaging Strand Development to operate the very hotel at issue. Ex. 4, at CONDOR_000630. He also served as an officer of Condor Hospitality REIT Trust, Defendant's sole general partner. Ex. 4, at CONDOR_000630; Ex. 5, GA SOS Website

*Second*, TRS Leasing and Defendant shared an identity of interest sufficient to impute notice between them. TRS Leasing and Defendant's sole general partner

shared multiple officers—including Blackham, Jill Burger, Jonathan Gantt, and Lauren Green—maintained the same principal office at 1800 W. Pasewalk Ave., Suite 120, Norfolk, NE, and were covered under the same liability insurance policy. Ex. 4, at CONDOR_000630; Ex. 5, GA SOS Website; Ex. 6, 2015 Liberty Mutual Insurance Policy Excerpts; Ex. 7, CONDOR HOSPITALITY TRUST, INC., 2017 SEC FORM 8-K (2017) EXCERPT at 4 (Lauren Green); Ex. 8, CONDOR HOSPITALITY TRUST, INC., 2020 SEC FORM 10-Q, EXHIBIT 10.1 (2020) at 10 (Jill Burger); Ex. 9, 2017 SEC FORM 8-K, EXHIBIT 10.1 (2017) at 10 (Jonathan Gantt). Under the identity-of-interest doctrine, notice may be imputed between sufficiently intertwined entities. *Kirk v. Cronvich*, 629 F.2d 404, 407–08 (5th Cir. 1980); *see also Itel*, 707 F.2d at 1258–59; *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293 (N.D. Ga. 2010) (permitting relation back where related corporations shared counsel, an address, and a parent, supporting immediate actual notice); *see also Kuehn v. The Cadle Co.*, No. 5:04-cv-432, 2006 WL 845085 (M.D. Fla. Mar. 30, 2006). These overlapping relationships independently establish a basis for imputing Defendant's timely notice to TRS Leasing. Accordingly, TRS Leasing received timely notice and will suffer no prejudice in defending this action on the merits.[3]

---

[3] The Federal Rules of Civil Procedure favor resolving claims on their merits rather than disposing of them on technicalities. As the Supreme Court explained, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). The Eleventh Circuit has

*Third*, TRS Leasing knew or should have known it would have been sued but for Plaintiff's mistake concerning the proper party's identity. Plaintiff sued Defendant based on her understanding of its responsibility for the hotel, without knowing that TRS Leasing held the leasehold interest and had contracted with Strand Development to operate the property. The very individual who received the Complaint had personally executed the agreement establishing those relationships. Ex. 4, at CONDOR_000630. As the Supreme Court explained in *Krupski*, 560 U.S. at 548–49, 556–57, a plaintiff's misunderstanding of the respective roles of related entities constitutes a mistake under Rule 15(c). The Complaint itself makes Plaintiff's intended target unmistakable. It alleges that Defendant "owned, operated, maintained, controlled, managed, or was responsible for securing" the Savannah Suites and expressly attributes the hotel's operation, employee conduct, and participation in Plaintiff's trafficking to Defendant. [Doc. 1 ¶¶ 5, 7(a), 17–22, 29, 56]. The inquiry turns on what the prospective defendant knew or should have known, not whether Plaintiff knew of its existence. *Krupski*, 560 U.S. at 548. And unlike *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998), Plaintiff did not knowingly omit an entity whose role she understood.

---

likewise recognized the strong preference for resolving cases on their merits. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015).

*Wayne v. Jarvis* held that ignorance of unidentified "John Doe" defendants' identities does not constitute a mistake under Rule 15(c). 197 F.3d 1098, 1102–03 (11th Cir. 1999). But *Krupski* holds that misunderstanding the respective roles of related entities constitutes a mistake, even when the plaintiff knows both entities exist. 560 U.S. at 548–49. *See also Tolston*, 723 F. Supp. 3d at 1293–94 (acknowledging that *Wayne*'s "plaintiff-focused analysis arguably is in some tension with" *Krupski*'s instruction that the "starting point" is "the proposed defendant's knowledge," and applying the lack-of-knowledge rule to substitution of named defendants for unidentified "John Doe" parties).

Here, Plaintiff's mistake concerned the respective roles of Condor, TRS Leasing, and Strand Development in owning, managing, and operating the Savannah Suites. Plaintiff attributed those responsibilities to Condor, unaware of TRS Leasing's leasehold interest and its agreement with Strand Development to operate the hotel. Because TRS Leasing's president received the Complaint and executed that agreement, TRS Leasing knew or should have known it would have been sued but for Plaintiff's mistake concerning those roles. *Krupski*, not *Wayne*, governs.

Given the entities' interlocking structure, TRS Leasing's contractual relationship with the hotel, and Blackham's receipt of a Complaint expressly targeting those responsible for the hotel's ownership and operation, TRS Leasing should have recognized that Plaintiff's failure to name it resulted from a misunderstanding of the

related entities' respective roles. Accordingly, the claims against TRS Leasing relate back under Rule 15(c)(1)(C).

### C. The proposed amendment adding Strand Development is not futile.

Defendant argues that Plaintiff cannot establish that her claims against Strand Development relate back under Rule 15(c) because Strand lacked timely notice of this lawsuit. But whether Strand Development received notice within the Rule 4(m) period—and knew or should have known that it would have been sued but for a mistake concerning its identity—depends on facts that discovery has yet to establish.

In *Andrews v. Lakeshore Rehab. Hospital*, 140 F.3d 1405 (11th Cir. 1998), the Eleventh Circuit reversed a district court's denial of leave to add the entities responsible for operating a hospital because its conclusions concerning the proposed defendants' notice and knowledge lacked evidentiary support. *Id.* at 1408–09. Because the relation-back inquiry depended on facts outside the pleadings, the court explained that the issue was more appropriately resolved at summary judgment. *Id.* at 1409. Although subsequently abrogated concerning the standard of appellate review, *Andrews* remains instructive on the impropriety of resolving disputed factual questions without an adequate record. *See Mungin v. Sec'y, Fla. Dep't of Corr.*, 89 F.4th 1308, 1321–22 (11th Cir. 2024).

Here, the existing evidence identifies specific avenues through which Strand Development may have received timely notice. On March 25, 2026, Plaintiff served

the Summons and Complaint on J. William Blackham, who personally executed the Hotel Management Agreement as President of TRS Leasing, the entity that engaged Strand to operate the Savannah Suites. Ex. 4, at CONDOR_000630. The Hotel Management Agreement separately required TRS Leasing to procure liability insurance naming Strand Development as an additional insured and established reciprocal indemnification obligations for specified claims arising from the hotel's operation. Ex. 4, at CONDOR_000607–08, 000614–16.

These overlapping contractual and insurance arrangements provide concrete grounds to investigate whether Defendant, TRS Leasing, or their insurer communicated with Strand concerning this lawsuit. And notice under Rule 15(c) need not arise from formal service and may be imputed where the relationship between the original and proposed defendants establishes a sufficient identity of interest. *Kirk, 629 F.2d* at 407–08. Whether Strand received actual or imputed notice through these relationships remains a factual question.

The same is true of the mistake requirement. Under *Krupski*, the inquiry focuses on what the prospective defendant knew or should have known, not merely whether Plaintiff could have discovered its identity. 560 U.S. at 548. The Complaint leaves no doubt that Plaintiff intended to sue the entity responsible for operating the Savannah Suites. [Doc. 1 ¶¶ 5, 7(a), 17–22, 29, 56]. Plaintiff named Condor based on her mistaken understanding of its role in the hotel's operation. The existence of

a Hotel Management Agreement among historical SEC filings does not establish what Strand Development knew or should have known about Plaintiff's mistake.

Plaintiff recognizes her burden to establish relation back. *See Tolston*, 723 F. Supp. 3d at 1291. But the evidence necessary to determine when Strand had notice of the lawsuit lies with Defendant, TRS Leasing, Strand, and their insurer. As in *Andrews*, the Court should not resolve the notice and knowledge requirements based on unsupported factual conclusions. Plaintiff therefore requests leave to add Strand Development; alternatively, Plaintiff requests limited discovery into Strand Development's notice before amendment is denied as futile.

## III. Condor's Rule 19 argument is misplaced.

Condor's final argument is that TRS Leasing and Strand Development are not required parties under Rule 19. [Doc. 42 at 11–12]. But Plaintiff's motion seeks permissive joinder under Rule 20(a)(2), which permits joinder where claims arise from the same transaction or occurrence and present common questions of law or fact. [Doc. 41 at 5–7]. Condor does not dispute that either requirement is satisfied. Whether joinder is required under Rule 19 has no bearing on whether it is permitted under Rule 20, and Condor's argument provides no basis for denying leave.

## CONCLUSION

For the foregoing reasons, and those set forth in her motion, Plaintiff respectfully requests that the Court grant her Motion for Leave to Add Parties and Amend

the Complaint [Doc. 41] and permit her to file the proposed First Amended Complaint attached as Exhibit A thereto. In the alternative, should the Court decline to find that the TVPRA claims relate back on the present record, Plaintiff requests that the Court grant leave as to the public nuisance claims and allow limited discovery before resolving relation back as to the TVPRA claims.

Respectfully submitted on November 4, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
CAROLINE M. CAPPS
Georgia Bar No. 645599
ccapps@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
CAROLINE M. CAPPS
Georgia Bar No. 645599
ccapps@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile